IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST VASQUEZ CUADRAS,

        Plaintiff,                    No. CIV S-10-2142 GGH

    vs.

MICHAEL J. ASTRUE,             <u>ORDER</u>
Commissioner of
Social Security,

        Defendant.
_____/

        Pending before the court is plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 21.) Plaintiff seeks attorney's fees for 2.5 hours at $175.06/hour for work done in 2010, 27.8 hours at $180.59/hour for work done in 2011, and 2.7 hours at $181.98/hour for work done in 2012, for a total amount of $5,949.40. Plaintiff seeks a cost of living adjustment ("COLA") to the statutory cap on attorney's fees of $125/hour. The Commissioner has not filed an opposition. [1]

\\\\\

---

[1] Courtesy to the court, not to mention Eastern District Local Rule 230(c), would indicate that if the Commissioner does not oppose the motion, a simple statement to that effect be made.

1

1        The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorney's fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. Shalala v. Schaefer, 509 U.S. 292 (1993). In this case, the matter was remanded for further proceedings under sentence four of 42 U.S.C. § 405(g). (See Dkt. No. 19.) Plaintiff thus is entitled to an award of fees under the EAJA. The court must allow the fee award unless it finds that the position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995).

         Having no opposition from the Commissioner, the court finds that the requested fees are reasonable and that plaintiff is entitled to the amount requested. In this case, plaintiff executed an assignment of any award of EAJA fees to plaintiff's counsel. (Dkt. No. 21-1.) Despite any fee agreement to the contrary, the EAJA award must be made by this court to plaintiff, and not to plaintiff's counsel. See Astrue v. Ratliff, 130 S. Ct. 2521 (2010). However, if the government subsequently determines that plaintiff does not owe any federal debt, it may pay EAJA fees directly to plaintiff's counsel in accordance with the assignment.

         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for EAJA fees (dkt. no. 21) is GRANTED. Plaintiff is awarded $5,949.40 in attorney's fees, which shall be payable according to the terms outlined in this order.

DATED: June 5, 2012

        /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Cuadras.2142.EAJA.noop.wpd